

**EXHIBIT**

**A**

1/21/2015 12:38:54 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3836781
By: Charlie Tezeno
Filed: 1/21/2015 12:38:54 AM

## NO. 2013-09984

| | | |
|---|---|---|
| **ABDUL WARIS** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| **V.** | § | |
| | § | **133rd JUDICIAL DISTRICT** |
| | § | |
| **MANOWAR AZIZ** | § | |
| Defendant. | § | |
| | § | **HARRIS COUNTY, TEXAS** |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/11/2015 6:15:33 PM
CHRISTOPHER A. PRINE
Clerk

### DEFENDANT'S MOTION FOR A NEW TRIAL

COMES NOW Manowar Aziz, Defendant, and moves this honorable Court for a new trial. In support of the motion, Defendant would show the court as follows:

### FACTUAL BACKGROUND

1.     The Plaintiff, the Defendant and one Tapia Torres owned a trucking company, Progressive Trucking, Inc. ("PTI"). On August 17, 2011, Tapia Torres' share in the company was bought out by the Plaintiff and the Defendant and the two became owners of the company in equal number shares (50/50). Tapia Torres was given two trucks as part payment for his shares. (See "Exhibit 1") He was also paid the sum of $40,000.00 which was borrowed from outside sources. (See "Exhibit 2" and "Exhibit 3 at page 19-20). Of this sum, Defendant Manowar Aziz paid back the sum of $22,000.00, but Plaintiff Abdul Waris did not refund any part of the sum.

2.     In April 2012, after the lease at PTI's original location expired, they moved to another location. At this time, the company was being run by three people, the Plaintiff, the Defendant and a Mohammad Amir Azam. This is reflected in "Exhibit 4," which is the Addendum to Certificate of Authority issued by the company's banker, Wells Fargo Bank and dated June 14, 2015. At no time was the Plaintiff denied access to the account of the company.

3.     Around this same period, the Plaintiff, Abdul Waris decided to open his own trucking company due to the financial troubles he knew PTI was undergoing. The company was named, KW Trucking.

4.     PTI was shut down in September 2012. This was due to disagreements between the Plaintiff and the Defendant and financial troubles the company had. It was unable to pay for its insurance license and permits and could no longer operate in the absence of these permits. (See

1 | P a g e

"Exhibit 5" at page 38.) The plaintiff and the Defendant divided the trucks belonging to the company.

5.      At trial, Plaintiff relied solely on a spreadsheet on which it put a speculative earnings of PTI for the year 2011 and 2012. Plaintiff referred to this as its "representative calculations." (See "Exhibit 5" at page 43.) Based on this speculative "representative calculations" Plaintiff claimed that he was entitled to $1,045.68 per week for seven trucks which he claimed were his and under the possession of the Plaintiff for the year 2012. (See "Exhibit 5" at page 43-44). The $11,717.97 was the amount the Plaintiff claimed he received as income from the trucks for the year 2012. These speculative figures was then calculated to total $186,174.51.

6.      However, the speculative calculations did not take consideration of the financial facts of the company, including the income and the expenditures of the company. The calculations also did also not include the financial troubles that the company had at the time of the split. The only evidence presented to the court was therefore not enough to support the Plaintiff's claim that the Defendant withheld money justly belonging to the Plaintiff.

7.      As reflected in the attached bank statements, PTI did not make as much income in 2012 as it did in 2011, and this was to the knowledge of the Plaintiff as he was signatory to the accounts. Furthermore, as reflected in the attached statements of account from both Wells Fargo and Chase where PTI had bank accounts, the company was making far less than its expenditure, and Plaintiff's claim that it was entitled to the same amount of pay in 2012 as he was paid in 2011 was erroneous. The attached banks statements, "Exhibits 6 and 7," showed that the company was in debt and could not in any way pay the Plaintiff the amount he claimed in the case and awarded by the Court.

8.      Moreover, although it was referenced in the trial, the speculative calculation did not consider the fact that Amir Azam had become a 30% owner of the company at the time that the company shut down in September 2012.

9.      At the end of the trial, the Court found for the Plaintiff and awarded the Plaintiff $186,174.51, stating that the "Court finds that the Plaintiff has met its burden and court awards plaintiff $186,461.52."

10.     Furthermore, Plaintiff claims as his own truck one of the trucks belonging to the Defendants but merely co-signed for by the Plaintiff and was never awarded to the Plaintiff. Since the truck was owned by the Plaintiff and the Defendant, it was an error to allow the

Plaintiff to base his speculative calculation on the view that he was solely entitled to income from the said trucks.

11.     Plaintiff files this motion for new trial, asking the honorable Court to consider these additional evidence and allow the parties to relitigate this case, so as to allow the Defendant to present to the Court all information relevant to the case beyond the speculative evidence of income presented at trial since that evidence was factually insufficient to support the finding in favor of the Plaintiff. Defendant further asks the Court to grant a new trial in the interest of justice.

### ARGUMENT.

A party could file a motion for new trial to ask the trial court to reconsider and rectify trial errors on the court's rulings or the jury's findings. *Smith v. Brock*, 514 S.W.2d 140, 142 (Tex.App. – Texarkana 1974, no writ). A party may also file a motion for new trial to challenge the legal and factual sufficiency of the evidence used by the jury or the Court in reaching its decision. TCRP 324(b)(2); Cecil v. Smith, 804 S.W.2D 509, 510 (Tex. 1991).

**a.     The Court Should Grant a New Trial Since Evidence Presented to the Court Was Factually and Legally Insufficient to Support the Court's Award in Favor of the Plaintiff.**

The Court Should Grant a New Trial since there was insufficient evidence to support the Court's finding in favor of the Plaintiff and award of the sum of $186,461.52 in Plaintiff's favor. There was no evidence adduced at trial to show that the Defendant received any income legally belonging to the Plaintiff and kept same for himself in the course of business which they jointly owned and which the Defendant singlehandedly operated. There was in fact no evidence regarding actual income as a matter of fact. All the Court had before it was a speculative spreadsheet of "representative calculations" without any evidence that the calculations were correct in any manner.

Furthermore, the evidence supports the fact that the Plaintiff and the Defendant operated the company as owners of the business and had equal access to the accounts of the business at all times, including when the business had financial troubles. There was no evidence that the Defendant in any manner denied the Plaintiff access to the account as they were both signatories to the account. Moreover, Plaintiff was aware of the financial difficulties that the company had which was the reason he and the Defendant decided to shut the company down, including the inability of the company to pay its fees for permits and insurance.

Most importantly, the speculative calculations presented before the court and on which the court based its decision failed to account for the expenditures of the company for the months of January 2012 through September 2012, but only accounted for Plaintiff's speculative income. As reflected in the supporting bank statements herein attached, upon the removal of expenses for fueling, truck drivers, mechanics and other State and Federal administrative costs, the company had nothing left to be shared by the owners. The bank statements therefore supports Defendant's assertion here, that there was nothing to share in the company's coffers after the expenditures are taken care of.

Since the evidence presented before the Court was factually and legally sufficient to support the Court's finding, the Court should reconsider its decision and allow the parties to relitigate this matter so that the end of justice could be served. The Court should therefore allow a new trial.

**b.      The Court Should Grant Defendant's Motion for a New Trial in View of Further Evidence Presented Here Which was Not Available At Trial.**

The honorable Court should consider the additional evidence presented here and grant a new trial since the evidence fully contradicts the position of the Plaintiff and the speculative evidence on which the Court based its award to the Plaintiff at trial. "Exhibit 6" and "Exhibit 7" both show that based on the income and expenditure of PTI in its Wells Fargo and Chase Bank respectfully, the company did not have the financial wherewithal to pay the Plaintiff or any of its directors as the company's income could not match its expenditure and the company was in debt.

Thus, since this evidence of the actual financial status of the company was not presented to the Court, the Court did not have the opportunity to base its decision on a comprehensive picture of the actual financial situation of the company. The Court therefore based its decision on merely speculative calculations that did not reflect the actual financial position of the company. The decision was therefore unfair and unjust. However, the attached statements give the Court to reconsider its position, set aside the award it erroneously granted the Plaintiff, and allow this matter to be relitigated and all relevant evidence presented for a just decision. The Court should therefore grant the Defendant's motion for new trial and allow a relitigation of this case.

## PRAYER

**WHEREFORE** Defendant prays that the Court grant the Defendant's Motion for a New Trial and allow this matter to be relitigated, and for such other orders the court deems just in this case.

Respectfully submitted,

Wakil O. Oyedemi, Esq.
Oyedemi & Associates, P.C.
TBN : 24084291
101 Southwesten Boulevard, Suite 200
Sugar Land Texas 77478
ooyedemi@oyedemilaw.com
Tel: (832) 939-8578
Fax: (832) 939-8582

Olu McGuinnis Otubusin
Law Chambers of McGuinnis & Associates
TBN: 15346050
6430 Richmond Avenue, Suite 350
Houston, Texas 77057
Tel: (713) 782-6982
Fax: (713) 782-6984
mcguinnis@sbcglobal.net

**ATTORNEYS FOR DEFENDANT**
**MANOWAR AZIZ**

Unofficial Copy Office of Chris Daniel District Clerk

# AFFIDAVIT

**State of Texas**
**County of Harris**

BEFORE ME, a notary public in and for Harris County, Texas, on this day personally appeared Manowar Aziz, to me well known to be a credible person of lawful age and qualified in all respects to make this affidavit, who being first sworn upon oath, says that he is the Defendant in the above-referenced case.

Affiant further states that he has read the foregoing Motion for New Trial and that the pleading is within his personal knowledge and in every statement true and correct.

_____
Manowar Aziz

Subscribed and sworn to before me on 01/2o /, 2015 by Manowar Aziz.

_____
Signature of officer

_____
Notary's typed or printed name

YVONNE F. KESSLER
Notary Public, State of Texas
My Commission Expires
November 19, 2017

My commission expires:

11/19/2017
_____
Notary's Stamp

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I certify that $\underline{01/20/2015}$ a true copy of the foregoing Plaintiff's Motion for New Trial was served on all attorneys of record.

_____
Wakil O. Oyedemi

Unofficial Copy Office of Chris Daniel District Clerk